IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY a/s/o COWORX STAFFING SERVICES, | )<br>)<br>) Civil Action No. _____<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) JURY TRIAL DEMANDED |
| CONGRUITY 360, LLC, TRUSTWAVE HOLDINGS, INC. | )<br>)<br>) |
| Defendants. | |

## COMPLAINT

COMES NOW, Plaintiff, ACE AMERICAN INSURANCE COMPANY as subrogee of COWORX STAFFING SERVICES, by and through undersigned counsel, hereby files this Complaint against Defendants CONGRUITY360, LLC and TRUSTWAVE HOLDINGS, INC. and alleges the following:

## THE PARTIES

1. Plaintiff, Ace American Insurance Company (hereinafter "Plaintiff" or "Ace"), is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located in Pennsylvania.

2. At all times material to this action, Plaintiff was authorized to do business and issue policies in New Jersey.

3. At all times material to this action, Plaintiff provided cyber insurance coverage to CoWorx Staffing Services (hereinafter "Insured" or "CoWorx") for its computer network and data.

4.  Defendant, Congruity 360, LLC (hereinafter "Congruity"), is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 456 Bedford Street Fall River, MA 02720.

5.  Defendant, Trustwave Holdings, Inc. (hereinafter "Trustwave"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 70 W. Madison St. Suite 600 Chicago, IL 60602.

6.  At all times material to this action, Defendants were engaged in the cloud sourcing and cybersecurity business.

## JURISDICTION AND VENUE

7.  The jurisdiction of the Court is proper pursuant to 28 U.S.C. § 1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the defendant resides in this district or the events or omissions giving rise to the claim occurred within this district.

## FACTUAL ALLEGATIONS

9.  On July 28, 2022 CoWorx contracted with Congruity to provide virtual machines ("VMs") running Microsoft Windows to run CoWorx's web-applications.

10. Congruity did this by running VMWare ESX servers to host the virtual Microsoft Windows machines, which CoWorx did not have access to.

11. CoWorx did, however, have guest access to the Microsoft Windows VMs at Congruity's co-location facility and the web-applications running on those machines.

12. Under the contract, Congruity was responsible for provisioning new VMs as needed by CoWorx, as well as securing the host virtualization servers and network.

13. Additionally, under Section 1.10 of Exhibit A to the Master Services Agreement between Congruity and CoWorx, Congruity was responsible for providing "[s]afeguards to secure the operation of the IT systems that contain CoWorx Data" including remote access controls such as multi-factor authentication ("MFA").

14. Despite this clear contractual requirement, from the signing of the contract up to the date of loss, Congruity never established nor enforced MFA to log into the network.

15. CoWorx, on the other hand, was responsible for security of the network at the guest VM level.

16. To this end, on February 4, 2022, CoWorx contracted with Trustwave to monitor all Microsoft Windows endpoints, including, upon information and belief, the guest level VMs hosted at Congruity's co-location facility.

17. Trustwave installed CyberReason Managed Detection and Response (MDR) software on the CoWorx server and fed logs and other information to Trustwave's Security Operations Center ("SOC") which monitors the network 24/7.

18. On or about April 18, 2024, threat actors logged into one of the Microsoft Windows VMs on the Congruity infrastructure using a compromised password from a CoWorx user.

19. Had Congruity enabled MFA prior to the threat actor's unauthorized access, the server would have required acknowledgement of a push notification before to allowing external access, thwarting the breach from ever occurring.

20. Thus, absent the additional security of MFA, the threat actors were able to access the Congruity infrastructure with the compromised password alone.

21. The compromised CoWorx user account did not have administrative access to any Congruity server, either guest or host.

22. Despite this, the threat actors were able to elevate permissions, dump credentials out of memory, and log into the VMWare ESX host server.

23. This shows that Congruity set up the server environment incorrectly, as no user should have been able to reach the host network from the guest network, especially considering that CoWorx did not have access to the host VMWare ESX servers.

24. On or about April 22, 2024, four days after the initial breach, Trustwave's CyberReason software alerted that a Local Security Authority Subsystem Service ("LSASS") event had occurred.

25. Despite the severity of the data breach, Trustwave only categorized the LSASS alert as "Moderate" rather than "High" or "Critical."

26. Accordingly, Trustwave did not alert CoWorx of the breach, robbing CoWorx of the opportunity to investigate the incident and backup its files.

27. Approximately five days later, on or about April 27, 2024, the threat actors encrypted the VMs at the host network level and installed ransomware, requiring CoWorx to purchase the decryptor because it did not have backups of the encrypted files.

28. Had Trustwave properly categorized the LSASS event as "High" or "Critical" and alerted CoWorx of the breach, CoWorx would have backed up its compromised files, thus nullifying the impact of encryption and mitigating CoWorx's damages.

29. Plaintiff was obligated to pay for the covered damages due to the breach and decryption, pursuant to its policy of insurance with CoWorx.

30. Pursuant to its policy of insurance, Plaintiff has suffered damages in excess of $500,000.

31. Plaintiff is equitably and contractually subrogated to the rights, claims, interests, and causes of action belonging to CoWorx and is entitled to recover damages from the Defendants.

## CAUSES OF ACTION

### COUNT I--NEGLIGENCE
*Ace v. Congruity*

32. Plaintiff repeats and realleges the preceding paragraphs as though set forth at length herein.

33. Congruity owed all foreseeable parties, including CoWorx, a duty to use reasonable care in setting up and securing the host VMWare ESX servers so as to avoid an unreasonable risk of injury to CoWorx's network and data.

34. Specifically, Congruity breached the duty it owed CoWorx by:

   a. Failing to set up the network as to prohibit access to the host network from the guest network;

   b. Failing to set up and enforce MFA to prohibit unauthorized access to the network;

   c. Failing to take the proper and necessary precautions to properly install the network;

   d. Configuring the network in such a manner that a guest level actor was able to gain administrative access;

   e. Failing to perform its services in a good and safe manner;

   f. Causing or allowing dangerous conditions as a result of its network installation services;

   g. Failing to recognize the risk of a cyber security infiltration due to its configuration of the network;

   h. Failing to train competent or skilled workmen, employees, contractors, sub-contractors, or agents otherwise acting under Congruity's direction to properly install the network at the property;

   i. Failing to properly train and/or supervise its employees; and

    j.    Other acts and omissions as discovery may reveal.

35.    As a direct, proximate, and foreseeable result of Congruity's negligence, carelessness, gross negligence, and recklessness, Plaintiff Ace has suffered damages in excess of $500,000.

**WHEREFORE**, Plaintiff Ace requests that judgment be entered in its favor and against Defendant CONGRUITY360, LLC. for an amount to be proven at trial to exceed $500,000, for interest and cost and attorney fees as allowed by law, and for such other and further relief as this Court deems equitable and just.

**COUNT II—GROSS NEGLIGENCE**
*Ace v. Congruity*

36.    Plaintiff repeats and realleges the preceding paragraphs as though set forth at length herein.

37.    Congruity owed all foreseeable parties, including CoWorx, a duty to use reasonable care in setting up and securing the host VMWare ESX servers so as to avoid an unreasonable risk of injury to CoWorx's network and data.

38.    Specifically, Congruity breached the duty it owed CoWorx by:

    a.    Failing to set up the network as to prohibit access to the host network from the guest network;

    b.    Failing to set up and enforce MFA to prohibit unauthorized access to the network;

    c.    Failing to take the proper and necessary precautions to properly install the network;

    d.    Configuring the network in such a manner that a guest level actor was able to gain administrative access;

    e.    Failing to perform its services in a good and safe manner;

    f. Causing or allowing dangerous conditions as a result of its network installation services;

    g. Failing to recognize the risk of a cyber security infiltration due to its configuration of the network;

    h. Failing to train competent or skilled workmen, employees, contractors, sub-contractors, or agents otherwise acting under Congruity's direction to properly install the network at the property;

    i. Failing to properly train and/or supervise its employees;

    j. Creating an unreasonable risk of harm to CoWorx through its acts and/or omissions;

    k. Failing to exercise slight care or diligence during its work; and

    l. Other acts and omissions as discovery may reveal.

39. As a direct, proximate, and foreseeable result of Congruity's gross negligence, Plaintiff Ace has suffered damages in excess of $500,000.

**WHEREFORE**, Plaintiff Ace requests that judgment be entered in its favor and against Defendant CONGRUITY360, LLC. for an amount to be proven at trial to exceed $500,000, for interest and cost and attorney fees as allowed by law, and for such other and further relief as this Court deems equitable and just.

### COUNT III-BREACH OF CONTRACT
*Ace v. Congruity*

40. Plaintiff repeats and realleges the preceding paragraphs as though set forth at length herein.

41. Upon information and belief, at the time of the unauthorized access to CoWorx's network, Congruity was engaged in the performance of a contract with CoWorx to set up and secure the host VMWare ESX servers at Congruity's co-location facility.

42. Upon information and belief, pursuant to its contract with CoWorx, Congruity assumed the nondelegable duty to perform the terms of the contract, including properly establishing the networks and enforcing MFA, in a thorough, complete, and non-negligent manner.

43. Congruity breached its contractual duties by failing to set up the host and guest networks correctly and failing to enforce MFA.

44. Congruity's breach of its contractual duties allowed threat actors to access the guest network with only a compromised CoWorx password, elevate permissions, access the host network and ultimately encrypt CoWorx's data files and install ransomware.

45. As a direct, proximate, and foreseeable result of Congruity's breach of contract, Plaintiff Ace has been damaged in an amount in excess of $500,000.

**WHEREFORE**, Plaintiff Ace requests that judgment be entered in its favor and against Defendant CONGRUITY360, LLC. for an amount to be proven at trial, for interest and cost and attorney fees as allowed by law, and for such other and further relief as this Court deems equitable and just.

## COUNT IV-BREACH OF IMPLIED WARRANTY
*Ace v. Congruity*

46. Plaintiff repeats and realleges the preceding paragraphs as though set forth at length herein.

47. In setting up and securing the host VMWare ESX servers at Congruity's co-location facility, Congruity impliedly warranted that the work it performed would be completed in a thorough, complete, and non-negligent manner.

48. Congruity breached its implied warranty by failing to set up the host and guest networks correctly and failing to enforce MFA, allowing threat actors to install ransomware on CoWorx's network and encrypt its data files.

49. As a direct, proximate, and foreseeable result of Congruity's breach of implied warranty, Plaintiff Ace has been damaged in an amount in excess of $500,000.

**WHEREFORE**, Plaintiff Ace requests that judgment be entered in its favor and against Defendant CONGRUITY360, LLC for an amount to be proven at trial, for interest and cost and attorney fees as allowed by law, and for such other and further relief as this Court deems equitable and just.

## COUNT V-NEGLIGENCE
*Ace v. Trustwave*

50. Plaintiff repeats and realleges the preceding paragraphs as though set forth at length herein.

51. Trustwave owed all foreseeable parties, including CoWorx, a duty to use reasonable care in monitoring and securing the guest level VMs hosted at Congruity's co-location facility and alerting CoWorx of unauthorized breaches.

52. Specifically, Trustwave breached the duty they owed CoWorx by:

   a. Failing to properly monitor the network for unauthorized access by threat actors;

   b. Failing to prohibit unauthorized access to the network;

   c. Failing to take the proper and necessary precautions in monitoring the network;

   d. Failing to perform its services in a good and safe manner;

   e. Causing or allowing dangerous conditions as a result of its failure to properly monitor;

  f. Failing to appropriately recognize the risk of a cyber security infiltration an elevate the threat assessment accordingly;

  g. Failing to train competent or skilled workmen, employees, contractors, sub-contractors, or agents otherwise acting under Trustwave's direction to properly monitor the network at the property;

  h. Failing to properly train and/or supervise its employees; and

  i. Other acts and omissions as discovery may reveal.

53. As a direct, proximate, and foreseeable result of Trustwave's negligence, carelessness, gross negligence, and recklessness, Plaintiff Ace has suffered damages in excess of $500,000.

**WHEREFORE**, Plaintiff Ace requests that judgment be entered in its favor and against Defendant TRUSTWAVE HOLDINGS, INC. for an amount to be proven at trial, for interest and cost and attorney fees as allowed by law, and for such other and further relief as this Court deems equitable and just.

## COUNT VI-GROSS NEGLIGENCE
*Ace v. Trustwave*

54. Plaintiff repeats and realleges the preceding paragraphs as though set forth at length herein.

55. Trustwave owed all foreseeable parties, including CoWorx, a duty to use reasonable care in monitoring and securing the guest level VMs hosted at Congruity's co-location facility and alerting CoWorx of unauthorized breaches.

56. Specifically, Trustwave recklessly disregarded the rights of CoWorx by:

  a. Failing to set up the network as to prohibit access to the host network from Failing to properly monitor the network for unauthorized access by threat actors;

  b. Failing to prohibit unauthorized access to the network;

    c. Failing to take the proper and necessary precautions in monitoring the network;

    d. Failing to perform its services in a good and safe manner;

    e. Causing or allowing dangerous conditions as a result of its failure to properly monitor;

    f. Failing to appropriately recognize the risk of a cyber security infiltration an elevate the threat assessment accordingly;

    g. Failing to train competent or skilled workmen, employees, contractors, sub-contractors, or agents otherwise acting under Trustwave's direction to properly monitor the network at the property;

    h. Failing to properly train and/or supervise its employees;

    i. Creating an unreasonable risk of harm to CoWorx through its acts and/or omissions;

    j. Failing to exercise slight care or diligence during its work; and

    k. Other acts and omissions as discovery may reveal.

57. As a direct, proximate, and foreseeable result of Defendant Trustwave's gross negligence, Plaintiff Ace has suffered damages in excess of $500,000.

**WHEREFORE**, Plaintiff Ace requests that judgment be entered in its favor and against Defendant TRUSTWAVE HOLDINGS, INC. for an amount to be proven at trial, for interest and cost and attorney fees as allowed by law, and for such other and further relief as this Court deems equitable and just.

**COUNT VII-BREACH OF CONTRACT**
*Ace v. Trustwave*

58. Plaintiff repeats and realleges the preceding paragraphs as though set forth at length herein.

59. Upon information and belief, at the time of the unauthorized access to CoWorx's network, Trustwave was engaged in the performance of a contract with CoWorx to monitor and

secure the guest level VMs hosted at Congruity's co-location facility and alert CoWorx of unauthorized breaches.

60. Upon information and belief, pursuant to its contract with CoWorx, Trustwave assumed the nondelegable duty to perform the terms of the contract, including monitoring the guest network, correctly categorizing security threats, and promptly alerting CoWorx to security threats, in a thorough, complete, and non-negligent manner

61. Trustwave breached its contractual duties by failing to properly categorize the threat actor's unauthorized breach as "High" or "Critical" and failing to alert CoWorx of the breach in a prompt manner.

62. Trustwave's breach of its contractual duties prohibited CoWorx from backing up its files, potentially nullifying the ransomware installed and mitigating CoWorx's damages.

63. As a direct, proximate, and foreseeable result of Trustwave's breach of contract, Plaintiff Ace has been damaged in excess of $500,000.

**WHEREFORE**, Plaintiff Ace requests that judgment be entered in its favor and against Defendant TRUSTWAVE HOLDINGS, INC. for an amount to be proven at trial, for interest and cost and attorney fees as allowed by law, and for such other and further relief as this Court deems equitable and just.

### COUNT VIII-BREACH OF IMPLIED WARRANTY
*Ace v. Trustwave*

64. Plaintiff repeats and realleges the preceding paragraphs as though set forth at length herein.

65. In monitoring and securing the guest level VMs hosted at Congruity's co-location facility and promptly alerting CoWorx of unauthorized breaches, Trustwave impliedly warranted

that the work it performed would be completed in a thorough, complete, and non-negligent manner.

66. Trustwave breached its implied warranty by failing to properly categorize the threat actor's unauthorized breach as "High" or "Critical" and failing to alert CoWorx of the breach in a prompt manner.

67. As a direct, proximate, and foreseeable result of Trustwave's breach of implied warranty, Plaintiff Ace has been damaged in an amount in excess of $500,000.

**WHEREFORE**, Plaintiff Ace requests that judgment be entered in its favor and against Defendant TRUSTWAVE HOLDINGS, INC. for an amount to be proven at trial, for interest and cost and attorney fees as allowed by law, and for such other and further relief as this Court deems equitable and just.

Dated: September 15, 2025

Respectfully submitted,

 */s/ Michael O'Donnell*
Michael D. O'Donnell
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
Phone: (215) 665-6932
mdodonnell@cozen.com
*Attorneys for Plaintiff*