<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

ACE AMERICAN INSURANCE COMPANY a/s/o COWORX STAFFING SERVICES,

Plaintiff,

v.

CONGRUITY 360, LLC and TRUSTWAVE HOLDINGS, INC.,

Defendants.

Civil Action No. 25-15657 (SDW) (JSA)

**OPINION**

June 24, 2026

**WIGENTON**, District Judge.

Before this Court are two Motions to Dismiss Plaintiff Ace American Insurance ("Plaintiff") as subrogee of CoWorx Staffing Services' ("CoWorx") Amended Complaint (D.E. 22 ("Am. Compl.")) for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) by Defendants Congruity 360, LLC ("Congruity") and Trustwave Holdings, LLC ("Trustwave"). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Congruity's Motion to Dismiss is **GRANTED in part WITHOUT PREJUDICE and DENIED in part**; and Trustwave's Motion to Dismiss is **GRANTED WITHOUT PREJUDICE**.

I.    <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiff, an insurance company, provided cyber insurance coverage to CoWorx for its computer network and data. (Am. Compl. ¶ 3.) On July 28, 2022, CoWorx contracted with Congruity to provide virtual machines ("VMs") utilizing Microsoft Windows to run CoWorx's

1

web-applications. (*Id.* ¶ 9.) Congruity ran VMWare ESX servers to host the virtual Microsoft Windows machines, which CoWorx did not have access to. (*Id.* ¶ 10.) However, CoWorx had guest access to the Microsoft Windows VMs at Congruity's co-location facility and the web-applications running on the VMs. (*Id.* ¶ 11.)

Pursuant to the contract, Congruity was responsible for provisioning new VMs as needed by CoWorx and securing the host virtualization servers and network. (*Id.* ¶ 12.) Further, the contract provided that Congruity was responsible for providing "safeguards to secure the operation of the IT systems that contain CoWorx Data" including remote access controls such as multi-factor authentication ("MFA"). (*Id.* ¶ 13.) Plaintiff alleges that Congruity failed to establish or enforce MFA to log into CoWork's network. (*Id.* ¶ 14.)

Additionally, under the agreement between Congruity and CoWorx, CoWorx was responsible for security of the network at the guest VM level. (*Id.* ¶ 15.) To this end, on February 4, 2022, CoWorx contracted with Trustwave to monitor all Microsoft Windows endpoints, including the guest level VMs hosted at Congruity's co-location facility. (*Id.* ¶ 16.) Trustwave installed CyberReason Managed Detection and Response ("MDR") software on the CoWorx server and shared information to Trustwave's Security Operations Center ("SOC"). (*Id.* ¶ 17.)

On or about April 18, 2024, threat actors logged into one of the Microsoft Windows VMs on the Congruity infrastructure using a compromised password from a CoWorx user. (*Id.* ¶ 18.) The compromised CoWorx user account did not have administrative access to any Congruity server, either guest or host. (*Id.* ¶ 21.) Despite this lack of access, the threat actors were able to elevate permissions, dump credentials out of memory, and log into the VMWare ESX host server. (*Id.* ¶ 22.) On or about April 22, 2024, four days after the initial breach, Trustwave's MDR software alerted that a Local Security Authority Subsystem Service ("LSASS") event had

2

occurred. (*Id.* ¶ 24.) Trustwave categorized the LSASS alert as "Moderate," rather than "High" or "Critical." (*Id.* ¶ 25.) On or about April 27, 2024, the threat actors encrypted the VMs at the host network level and installed ransomware, requiring CoWorx to purchase a decryptor because it did not have backups of the encrypted files. (*Id.* ¶ 27.)

Plaintiff alleges that Congruity incorrectly set up the server environment as no user should have been able to access the host network from the guest network. (*Id.* ¶ 23.) Plaintiff further alleges that Trustwave failed to properly alert CoWorx about the breach by categorizing the LSASS alert as "Moderate," rather than "High" or "Critical." (*Id.* ¶¶ 25–26.) As a result of Congruity and Trustwave's alleged actions, Plaintiff claims to have suffered damages. (*Id.* ¶¶ 29–30.)

On September 15, 2025, Plaintiff filed this instant action and then filed an Amended Complaint on December 15, 2025. (D.E. 1; D.E. 22.) The Amended Complaint asserts claims for breach of contract, negligence, gross negligence, and breach of implied warranty against Congruity and Trustwave. (*See generally*, D.E. 22.) Congruity and Trustwave moved to dismiss Plaintiff's Amended Complaint. (D.E. 23; D.E. 24.) All briefing was timely completed.

## II.   <u>LEGAL STANDARD</u>

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer*, 605 F.3d at 229. Determining whether a complaint's allegations are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

### A. Congruity's Motion to Dismiss

#### i.   Choice-of-Law

CoWorx is a limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business located in New Jersey. (D.E. 24-3 ("Congruity Master Services Agreement")).)[1] Congruity is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Massachusetts. (Am. Compl. ¶ 4.) Pursuant to the Master Services Agreement between CoWorx

---

[1] Although Plaintiff references the Master Services Agreement in the Amended Complaint, Plaintiff failed to attach the Agreement. However, Defendants have attached their respective contracts with CoWorx to their motions to dismiss and Plaintiff does not dispute the authenticity of such documents. *See Reed v. Scheffler*, 218 F. Supp. 3d 275, 280 (D.N.J. 2016), *aff'd*, 771 F. App'x 162 (3d Cir. 2019) ("A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

and Congruity, the Agreement is governed by the laws of the State of New York.  (D.E. 24-3.)

Here, the parties agree that New Jersey law applies to Plaintiff's contractual and tort claims.

A federal court sitting in diversity jurisdiction must apply the forum state's choice-of-law rules.  *Curtiss-Wright Corp. v. Rodney Hunt Co.*, 1 F. Supp. 3d 277, 283 (D.N.J. 2014).  A federal court must do so to decide which body of substantive law to apply to a contract, even where the contract contains a choice-of-law clause.  *Collins On behalf of herself v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017).  New Jersey courts typically "uphold the contractual choice" of the parties, however, "New Jersey looks to Restatement § 187 to determine under what circumstances a choice-of-law clause will not be respected."  *Id.* at 184 (citing *Instructional Sys., Inc. v. Comput. Curriculum Corp.*, 614 A.2d 124, 133 (N.J. 1992)).  Restatement § 187 explains that a contractual choice-of-law provision will be followed "unless (a) the chosen state has no substantial relationship to the parties or the transaction, ... or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state."  Restatement (Second) of Conflicts of Laws § 187.  Here, both parties assert that the choice-of-law provision does not apply because New York has no substantial relationship to the parties, as no party is incorporated or headquartered in New York.  As such, there is no dispute that the parties do not have a substantial relationship to the State of New York.  Accordingly, this Court agrees that New Jersey law applies to Plaintiff's contractual claims.

Regarding Plaintiff's tort claims, New Jersey courts make choice-of-law decisions on an "issue-by-issue basis," thus, this Court must consider which body of substantive law applies to Plaintiff's tort claims.  *See P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 460 (N.J. 2008).  However, under New Jersey's choice-of-law rules, if there is no actual conflict between bodies of law that have been presented, then the choice-of-law inquiry ends, as there is no choice-of-law

issue to be resolved.  *See Davis v. BMW of N. Am., LLC*, 810 F. Supp. 3d 528, 539 (D.N.J. 2025) (citing *Camp Jaycee*, 962 A.2d at 460).  If no conflict exists, then the law of the forum state applies. *Cont'l Ins. Co. v. Honeywell Int'l, Inc.*, 188 A.3d 297, 311 (N.J. 2018).  Here, no conflict of law exists.  Under New Jersey and Massachusetts law, the four elements of negligence are the same.[2] Under New Jersey law, to assert a claim for negligence, a plaintiff must demonstrate four elements: "(1) a duty of care, (2) that the defendant breached that duty, (3) that such breach proximately caused harm, and (4) that the plaintiff suffered actual damages."  *Symbiont Sci. Eng'g & Constr., Inc. v. Ground Improvement Servs., Inc.*, 723 F. Supp. 3d 363, 377 (D.N.J. 2024).  To state a claim for negligence under Massachusetts law, "a plaintiff must prove that (1) the defendant owed the plaintiff a duty of reasonable care; (2) the defendant breached this duty; (3) damage to the plaintiff resulted; and (4) the breach of the duty caused this damage."  *Ryan v. Newark Grp., Inc.*, 814 F. Supp. 3d 78, 103 (D. Mass. 2025).  Additionally, both jurisdictions apply the economic loss doctrine.  *See Sun Chem. Corp. v. Fike Corp.*, 235 A.3d 145, 150 n.2 (N.J. 2020); *compare with Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc.*, 918 N.E.2d 36, 46-47 (Mass. 2009).  Therefore, New Jersey law applies to Plaintiff's tort claims.

### ii.    Counts I and II — Negligence and Gross Negligence

Plaintiff asserts claims for negligence and gross negligence alleging that Congruity owed a duty to CoWorx to use reasonable care in setting up the host VMWare ESX servers to avoid unreasonable risks of injury to CoWorx's network and data.  According to Plaintiff, Congruity breached the aforementioned duty owed to CoWorx.  Congruity counters that such duty arises solely from Congruity's contractual obligations under the Agreement and thus, Plaintiff's negligence claims are barred by the economic loss doctrine.

---

[2] Defendant argues that the applicable jurisdictions are New Jersey and Massachusetts.  Plaintiff does not object and cites to New Jersey law to support its negligence claims.

Under New Jersey law, the economic loss doctrine bars plaintiffs from "recovering in tort economic losses to which their entitlement only flows from contract." *Red Hawk Fire & Sec., LLC v. Siemens Indus. Inc.*, 449 F. Supp. 3d 449, 462 (D.N.J. 2020) (internal citation omitted). Only tort claims asserting the defendant breached a duty owed to the plaintiff independent of the contractual duties may be alleged alongside a breach of contract claim. *Id.*; *see also Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 280 (N.J. 2002) ("Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law.").

Here, Plaintiff argues that Congruity's "unique and specialized" services created a special relationship between the parties such that Congruity owed CoWorx an independent duty. However, the New Jersey Supreme Court has specifically held that where a tort claim arose from the failure to apply specific technical skills that it was "obligated to apply under the contract," the proper remedy for such a violation sounds in contract, not tort. *See Saltiel*, 788 A.2d at 280 ("Defendant possessed specific technical skills that it was obligated to apply under the contract. Its failure to do so was not a violation of an obligation imposed by law, but rather a breach of its contractual duties."). Thus, Congruity's specialized services did not create an independent duty when such services were required by the contract. Accordingly, the alleged duty owed to CoWorx by Congruity was merely contractual and therefore, the economic loss doctrine bars Plaintiff's claims for negligence and gross negligence.

### iii.   Counts III and IV — Breach of Contract and Implied Warranty

To state a claim for breach of contract under New Jersey law, a plaintiff must allege that: (1) "the parties entered into a contract containing certain terms"; (2) "plaintiffs did what the contract required them to do"; (3) "defendants did not do what the contract required them to do";

7

and (4) "defendants' breach, or failure to do what the contract required, caused a loss to the plaintiffs." *Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (quoting *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)). Further, to sufficiently plead a breach of contract claim, a plaintiff must specifically identify portions of the contract that were allegedly breached. *Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019); *see also Eprotec Pres., Inc. v. Engineered Materials, Inc.*, No. 10-5097, 2011 WL 867542, at *8 (D.N.J. Mar. 9, 2011) ("Under New Jersey law, a complaint alleging breach of contract must, at a minimum, identify the contracts and provisions breached . . . Failure to allege the specific provisions of contracts breached is grounds for dismissal.").

Here, Plaintiff alleges two breaches of the Agreement by Congruity: (1) Congruity breached the Agreement by failing to set up the host and guest networks correctly; and (2) Congruity failed to implement and enforce MFA. Plaintiff's first claim fails because Plaintiff does not identify which specific provision of the contract that Congruity breached by allegedly incorrectly setting up the host and guest networks. *See Eprotec Pres., Inc. v. Engineered Materials, Inc.*, 2011 WL 867542, at *8. However, Congruity concedes that Plaintiff has adequately pled its breach of contract claim as it relates to Congruity's alleged failure to implement MFA as the Amended Complaint identifies the specific section of the contract. Accordingly, Count III is dismissed only to the extent that Plaintiff alleges that Congruity failed to set up the host and guest networks correctly.

Next, Congruity argues that Plaintiff's breach of the implied warranty claim must be dismissed as the parties' Agreement expressly disclaims all implied warranties. This Court agrees. To disclaim an implied warranty of merchantability under New Jersey law, the disclaimer must mention merchantability and, if in writing, must be conspicuous. New Jersey Stat. Ann. § 12A:2–

316(2). To disclaim an implied warranty of fitness, the disclaimer must be in writing and must be conspicuous. *Id.* To be conspicuous, a disclaimer must be "so written that a reasonable person against whom it is to operate ought to have noticed it." *M&M Trucking Gudullu, LLC v. Liberty Kenworth-Hino Truck Sales, Inc.*, 653 F. Supp. 3d 162, 170 (D.N.J. 2023).

Here, the Agreement contains the following disclaimer: "EXCEPT AS SPECIFICALLY PROVIDED IN THIS AGREEMENT, THERE ARE NO OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE." (D.E. 24-3.) The disclaimer is emphasized by capital letters and explicitly mentions merchantability and fitness. *See Rapid Models & Prototypes, Inc. v. Innovated Sols.*, No. 14-277, 2015 WL 4914477, at *8 (D.N.J. Aug. 18, 2015) (holding that a capital-letter disclaimer of implied warranty was effective). Because the disclaimer is clear, conspicuous and unambiguous, this Court finds that the disclaimer is valid and bars any implied warranty claims against Congruity. Accordingly, Count IV is dismissed.

### B. Trustwave's Motion to Dismiss

#### i. Choice-of-Law

CoWorx is a limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business located in New Jersey. (D.E. 24-3.) Trustwave is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Chicago. (Am. Compl. ¶ 5.) Pursuant to the Master Services Agreement between CoWorx and Trustwave, the Agreement is governed by the laws of

9

the State of Delaware.  (D.E. 23-3.)  Here, the parties agree that New Jersey law applies to Plaintiff's tort claims and Delaware law applies to Plaintiff's contractual claims.[3]

New Jersey choice-of-law rules provide that "ordinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice."  *Collins On behalf of herself v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017)(citing *Instructional Sys., Inc. v. Comput. Curriculum Corp.*, 614 A.2d 124, 133 (N.J. 1992)). Neither party argues that the respective choice-of-law provision does not apply.  Thus, this Court will not disturb the parties' Agreement and apply Delaware law to Plaintiff's contract claims.  With respect to Plaintiff's negligence claims, no conflict of law exists as the elements of negligence are the same under New Jersey and Delaware law.  *See Symbiont Sci. Eng'g & Constr., Inc. v. Ground Improvement Servs., Inc.*, 723 F. Supp. 3d 363, 377 (D.N.J. 2024); *compare with Jones v. Crawford*, 1 A.3d 299, 302 (Del. 2010) (stating that a plaintiff must prove the elements of duty, breach, causation, and harm).  Accordingly, this Court will apply New Jersey law to Plaintiff's negligence claims.

### ii.    Counts V and VI — Negligence and Gross Negligence

Plaintiff asserts claims for negligence and gross negligence alleging that Trustwave owed a duty to CoWorx to use reasonable care in monitoring and securing the guest level VMs hosted at Congruity's co-location facility and properly alerting CoWorx of unauthorized breaches. Plaintiff further argues that Trustwave's "unique and specialized" services created a special relationship between the parties such that Trustwave owed CoWorx an independent duty. Trustwave counters that Plaintiff's negligence claims are barred by the economic loss doctrine.

---

[3] This Court notes that Plaintiff did not conduct a choice of law analysis as to the applicable law for its tort claims but cites to New Jersey law to support its negligence claims.

As previously discussed, under New Jersey law, the economic loss doctrine bars tort claims that arise from the failure to apply specific technical skills that a defendant was contractually obligated to apply. *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 280 (N.J. 2002). Trustwave's specialized services did not create an independent duty when such services were required by the contract. As such, Plaintiff fails to allege any duty owed by Trustwave to CoWorx outside of its contractual obligations. Accordingly, Plaintiff' claims sound in contract, not tort, and thus, the economic loss doctrine bars Plaintiff's claims for negligence and gross negligence.

### iii.    Counts VII and VIII — Breach of Contract and Implied Warranty

Under Delaware law, to state a claim for breach of contract a plaintiff must allege: (1) a contractual obligation; (2) a breach of that obligation by the defendant; and (3) resulting damage to the plaintiff. *Greenstar, LLC v. Heller*, 814 F. Supp. 2d 444, 450 (D. Del. 2011). Additionally, to survive a Rule 12(b)(6) motion, a plaintiff must identify the contract provision that was breached. *Anderson v. Wachovia Mortg. Corp.*, 497 F. Supp. 2d 572, 581 (D. Del. 2007) (citing *Wal–Mart Stores, Inc. v. AIG Life Ins. Co.*, 901 A.2d 106, 116 (Del.2006)); *see also Shelton v. Patton*, No. 24-1338, 2026 WL 658871, at *2 (D. Del. Mar. 9, 2026) (dismissing claim because the plaintiff failed to identify the specific contractual provision that was breached). Here, Plaintiff fails to identify any express contract provision that was breached by Trustwave. Accordingly, Count VII is dismissed.

Lastly, Plaintiff's breach of implied warranty claim is also dismissed. Trustwave's Agreement with CoWorx contains the following disclaimer:

> TRUSTWAVE DISCLAIMS ALL REPRESENTATIONS OR
> WARRANTIES, EXPRESS OR IMPLIED, INCLUDING,
> WITHOUT LIMITATION, ANY WARRANTIES REGARDING

QUALITY, SUITABILITY, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE (IRRESPECTIVE OF ANY COURSE OF DEALING, CUSTOM OR USAGE OF TRADE) OF ANY SERVICES OR ANY GOODS OR SERVICES PROVIDED INCIDENTAL TO THE SERVICES PROVIDED UNDER THIS AGREEMENT.

(D.E. 23-3.) The disclaimer is emphasized by capital letters and explicitly mentions merchantability and fitness. As such, the disclaimer is clear, conspicuous and unambiguous, and therefore, the disclaimer is valid and bars Plaintiff's implied warranty claims. *See M&M Trucking Gudullu, LLC v. Liberty Kenworth-Hino Truck Sales, Inc.*, 653 F. Supp. 3d 162, 170 (D.N.J. 2023); New Jersey Stat. Ann. § 12A:2–316(2)[4]. Accordingly, Count VIII is dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Congruity's Motion to Dismiss is **GRANTED in part WITHOUT PREJUDICE and DENIED in part**; and Trustwave's Motion to Dismiss is **GRANTED WITHOUT PREJUDICE**. An appropriate order follows.

---

[4] Both parties cite to New Jersey law in regard to Plaintiff's implied warranty claims. However, neither party provides a choice-of-law analysis. Nonetheless, New Jersey law applies as there is no conflict with the laws of Delaware. For instance, Delaware law permits parties to modify or exclude implied warranties of merchantability or fitness. *Strange v. Keiper Recaro Seating, Inc.*, 117 F. Supp. 2d 408, 411 (D. Del. 2000), *aff'd sub nom. Strange v. Keiper Recarco Seating, Inc.*, 281 F.3d 224 (3d Cir. 2001). According to 6 Del. C. § 2–316(2): "[T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous."

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Jessica S. Allen, U.S.M.J.
          Parties