**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY a/s/o COWORX STAFFING SERVICES,<br><br>Plaintiff,<br><br>-against-<br><br>CONGRUITY360, LLC and TRUSTWAVE HOLDINGS, INC.<br><br>Defendants. | Civ. No. 25-15657 (SDW) (JSA)<br><br>**DEFENDANT CONGRUITY360, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND CROSSCLAIMS** |

Defendant Congruity360, LLC ("Congruity" or "Defendant"), by and through its attorneys, Hodgson Russ LLP, hereby answers the Second Amended Complaint ("Complaint") of Plaintiff Ace American Insurance Company, as subrogee of CoWorx Staffing Services ("Plaintiff" or "Ace"), as follows:

Except as expressly admitted herein, Congruity denies each and every allegation contained in the Complaint. The numbered paragraphs below correspond to the identically numbered paragraphs of the Complaint.

**THE PARTIES**

1. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis denies the same.

2. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis denies the same.

3. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and on that basis denies the same.

4. Congruity admits the allegations contained in Paragraph 4 of the Complaint.

5. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and on that basis denies the same.

6. Congruity denies the allegations contained in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. The allegations to Paragraph 7 of the Complaint contain a legal conclusion to which no response is required, but to the extent the Court deems a response necessary, Congruity denies the allegations contained in this paragraph.

8. The allegations to Paragraph 8 of the Complaint contain a legal conclusion to which no response is required, but to the extent the Court deems a response necessary, Congruity denies the allegations contained in this paragraph.

**FACTUAL ALLEGATIONS**

9. Congruity admits that it contracted with CoWorx but denies the remaining allegations, characterizations, and suggestions contained in Paragraph 9 of the Complaint and refers the Court to the referenced contract itself as the best evidence of its content and meaning.

10. Congruity admits that it ran VMWare ESX servers to host the virtual Microsoft Windows machines, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, characterizations, and suggestions contained in Paragraph 10 of the Complaint, and on that basis denies the same.

11. Congruity admits that CoWorx had access to the Microsoft Windows VMs, but denies the remaining allegations, characterizations, and suggestions contained in Paragraph 11 of the Complaint.

12. Congruity admits that it was bound by a contract with CoWorx and refers the Court to the referenced contract itself as the best evidence of its content and meaning, but denies all remaining allegations, characterizations, and suggestions contained in Paragraph 12 of the Complaint.

13. Congruity admits that it was bound by a contract with CoWorx and refers the Court to the referenced contract itself as the best evidence of its content and meaning, but denies all remaining allegations, characterizations, and suggestions contained in Paragraph 13 of the Complaint.

14. Congruity denies the allegations contained in Paragraph 14 of the Complaint.

15. Congruity admits that CoWorx bore responsibility for security of the network but denies the remaining allegations, characterizations, and suggestions contained in Paragraph 15 of the Complaint.

16. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and on that basis denies the same.

17. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and on that basis denies the same.

18. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis denies the

same, but admits that CoWorx failed to disable a user account that was then used to access the Microsoft Windows VMs.

19. Congruity denies the allegations contained in Paragraph 19 of the Complaint.

20. Congruity denies the allegations contained in Paragraph 20 of the Complaint.

21. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and on that basis denies the same.

22. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis denies the same.

23. Congruity denies the allegations contained in Paragraph 23 of the Complaint.

24. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and on that basis denies the same.

25. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and on that basis denies the same.

26. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and on that basis denies the same.

27. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and on that basis denies the same.

28. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and on that basis denies the same.

29. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and on that basis denies the same.

30. Congruity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and on that basis denies the same.

31. Congruity denies the allegations contained in Paragraph 31 of the Complaint.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT
### (Ace v. Congruity)

32. Congruity repeats and realleges its responses to the preceding paragraphs as though set forth fully herein.

33. Congruity denies the allegations, characterizations, and suggestions contained in Paragraph 33 of the Complaint and refers the Court to the referenced contract itself as the best evidence of its content and meaning.

34. Congruity denies the allegations, characterizations, and suggestions contained in Paragraph 34 of the Complaint and refers the Court to the referenced contract itself as the best evidence of its content and meaning.

35. Congruity denies the allegations, characterizations, and suggestions contained in Paragraph 35 of the Complaint and refers the Court to the referenced contract itself as the best evidence of its content and meaning.

36. Congruity denies the allegations, characterizations, and suggestions contained in Paragraph 36 of the Complaint and refers the Court to the referenced contract itself as the best evidence of its content and meaning.

37. Congruity denies the allegations, characterizations, and suggestions contained in Paragraph 37 of the Complaint and refers the Court to the referenced contract itself as the best evidence of its content and meaning.

38. Congruity denies the allegations, characterizations, and suggestions contained in Paragraph 38 of the Complaint and refers the Court to the referenced contract itself as the best evidence of its content and meaning.

39. Congruity denies the allegations contained in Paragraph 39 of the Complaint.

40. Congruity denies the allegations contained in Paragraph 40 of the Complaint.

41. Congruity denies the allegations contained in Paragraph 41 of the Complaint.

42. Congruity denies the allegations contained in Paragraph 42 of the Complaint.

Congruity states further that the allegations contained in the WHEREFORE clause following Paragraph 42 of the Complaint set forth Plaintiff's prayer for relief, to which no response is required; to the extent a response is deemed required, Congruity denies that Plaintiff is entitled to any of the relief requested therein or to any relief whatsoever against Congruity.

**COUNT II – BREACH OF CONTRACT**
**(Ace v. Trustwave)**

43. Congruity repeats and realleges its responses to the preceding paragraphs as though set forth fully herein.

44. Congruity denies the allegations contained in Paragraph 44 insofar as they are directed to Congruity, and is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph insofar as they are directed to defendant Trustwave, and on that basis denies the same.

45. Congruity denies the allegations contained in Paragraph 45 insofar as they are directed to Congruity, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph insofar as they are directed to defendant Trustwave, and on that basis denies the same.

46. Congruity denies the allegations contained in Paragraph 46 insofar as they are directed to Congruity, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph insofar as they are directed to defendant Trustwave, and on that basis denies the same.

47. Congruity denies the allegations contained in Paragraph 47 insofar as they are directed to Congruity, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph insofar as they are directed to defendant Trustwave, and on that basis denies the same.

48. Congruity denies the allegations contained in Paragraph 48 insofar as they are directed to Congruity, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph insofar as they are directed to defendant Trustwave, and on that basis denies the same.

49. Congruity denies the allegations contained in Paragraph 49 insofar as they are directed to Congruity, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph insofar as they are directed to defendant Trustwave, and on that basis denies the same.

50. Congruity denies the allegations contained in Paragraph 50 insofar as they are directed to Congruity, and is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph insofar as they are directed to defendant Trustwave, and on that basis denies the same.

51. Congruity denies the allegations contained in Paragraph 51 insofar as they are directed to Congruity, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph insofar as they are directed to defendant Trustwave, and on that basis denies the same.

52. Congruity denies the allegations contained in Paragraph 52 insofar as they are directed to Congruity, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph insofar as they are directed to defendant Trustwave, and on that basis denies the same.

53. Congruity denies the allegations contained in Paragraph 53 insofar as they are directed to Congruity, and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph insofar as they are directed to defendant Trustwave, and on that basis denies the same.

Congruity states further that the allegations contained in the WHEREFORE clause following Paragraph 53 of the Complaint set forth Plaintiff's prayer for relief against Trustwave Holdings, Inc., to which no response by Congruity is required.

## AFFIRMATIVE DEFENSES

Without admitting any allegation of the Complaint not otherwise expressly admitted, and without assuming any burden that it would not otherwise bear, Congruity asserts the following affirmative and other defenses. Congruity reserves the right to assert additional defenses that discovery may reveal.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint, in whole or in part, fails to state a claim against Congruity upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Comparative/Contributory Fault of Third Parties)**

Any damages alleged by Plaintiff were caused, in whole or in part, by the acts, omissions, negligence, or breach of contract of Trustwave Holdings, Inc. and/or CoWorx Staffing Services, and any recovery against Congruity must be reduced or barred in proportion to the fault attributable to such other parties.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff and/or its insured failed to take reasonable steps to mitigate the damages alleged, including by failing to maintain adequate backups of its data, and any recovery must be reduced accordingly.

**FOURTH AFFIRMATIVE DEFENSE**
**(Superseding/Intervening Cause)**

The damages alleged, if any, were caused by the criminal and intentional acts of third-party threat actors and/or the intervening failures of Trustwave Holdings, Inc. to properly monitor, categorize, and report security events, which constitute superseding and intervening causes breaking any chain of causation between Congruity's conduct and Plaintiff's alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**
**(Limitation of Liability)**

Plaintiff's claims against Congruity are limited or barred, in whole or in part, by the terms of the Master Services Agreement between Congruity and CoWorx, dated July 28, 2022, including Section 11 (Limitation of Liability), which caps Congruity's aggregate liability for any cause of

action arising out of or relating to the Agreement at the total amount paid to Congruity under the Agreement and excludes special, indirect, incidental, punitive, or consequential damages, including loss of profits or loss of use.

**SIXTH AFFIRMATIVE DEFENSE**
**(Warranty Disclaimer)**

Plaintiff's claims for breach of any implied warranty are barred because the Master Services Agreement expressly disclaims all warranties other than those specifically provided therein, including the implied warranties of merchantability and fitness for a particular purpose, and states that Congruity's warranty obligations are in lieu of all other obligations or liabilities arising out of or in connection with the Agreement.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

Congruity reserves the right to assert additional affirmative defenses that become known through discovery or otherwise.

**WHEREFORE**, Defendant Congruity360, LLC respectfully requests that this Court enter judgment in its favor and against Plaintiff, dismiss the Complaint against Congruity with prejudice, award Congruity its costs and attorneys' fees to the extent permitted by law, and grant such other and further relief as the Court deems just and proper.

## CROSSCLAIMS AGAINST TRUSTWAVE HOLDINGS, INC.

Defendant/Crossclaim Plaintiff Congruity360, LLC ("Congruity"), for its Crossclaims against Defendant/Crossclaim Defendant Trustwave Holdings, Inc. ("Trustwave"), pursuant to Federal Rule of Civil Procedure 13(g), alleges as follows:

### JURISDICTION AND VENUE

54. This Court has subject matter jurisdiction over these Crossclaims pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as these Crossclaims arise out of the same transaction or occurrence that is the subject matter of Plaintiff Ace American Insurance Company's ("Ace") claims in the underlying action.

55. Venue is proper in this district because it is the district in which the underlying action is pending and in which the events giving rise to these Crossclaims occurred.

56. Trustwave is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 70 W. Madison St., Suite 600, Chicago, Illinois 60602, and is already a party to this action as a co-defendant.

57. Congruity incorporates by reference its Answer to the Complaint, including its admissions, denials, and affirmative defenses, as though fully set forth herein. Congruity further states that its Master Services Agreement, dated July 28, 2022, is between Congruity and CoWorx Staffing Services, LLC; Congruity has no direct contract with Trustwave, and these Crossclaims accordingly sound in common law and equity.

58. Ace alleges that CoWorx suffered damages in excess of $500,000 arising from a data breach and ransomware incident affecting virtual machines hosted at Congruity's co-location facility.

59. Ace further alleges that CoWorx separately contracted with Trustwave to monitor the guest-level virtual machines at issue, and that Trustwave failed to timely and properly detect, categorize, and report the security incident to CoWorx.

60. Congruity's obligations to CoWorx under the Master Services Agreement were limited to the safeguards and services described therein. To the extent any liability is found against Congruity in connection with the matters alleged in the Complaint, such liability, if any, was caused or contributed to by the negligent, wrongful, and/or otherwise culpable acts and omissions of Trustwave, including but not limited to Trustwave's alleged failure to properly categorize the April 22, 2024 LSASS alert as "High" or "Critical," its alleged failure to timely and adequately notify CoWorx of the breach, and its alleged failure to properly monitor the network for four days following the initial unauthorized access.

61. Congruity denies any liability to Ace. However, in the event Congruity is found liable to Ace for any or all of the damages alleged in the Complaint, Congruity is entitled to contribution and/or indemnification from Trustwave to the extent Trustwave's conduct caused or contributed to Ace's alleged damages.

**FIRST CROSSCLAIM – CONTRIBUTION**
**(Congruity v. Trustwave)**

62. Congruity repeats and realleges the preceding paragraphs of these Crossclaims as though fully set forth herein.

63. If Congruity is found liable to Ace for any of the damages alleged in the Complaint, which liability Congruity expressly denies, such damages resulted, in whole or in part, from the acts, omissions, negligence, and/or breaches of contractual and other duties owed by Trustwave to CoWorx, including Trustwave's alleged failure to properly monitor, detect, categorize, and report the security incident described in the Complaint.

64. Trustwave's conduct, as alleged by Ace and described above, was a proximate and contributing cause of the damages Ace seeks to recover, independent of and/or in addition to any conduct attributed to Congruity.

65. As between Congruity and Trustwave, Trustwave bears some or all of the responsibility for the damages alleged in the Complaint, such that if Congruity is required to pay any judgment or settlement to Ace, Congruity is entitled to contribution from Trustwave in an amount equal to Trustwave's proportionate share of fault for such damages.

66. Congruity has no adequate remedy at law other than this Crossclaim for contribution.

**WHEREFORE**, Crossclaim Plaintiff Congruity360, LLC respectfully requests that, in the event any judgment is entered against it in favor of Ace, this Court enter judgment against Crossclaim Defendant Trustwave Holdings, Inc. for contribution in an amount equal to Trustwave's proportionate share of fault and liability, together with costs, interest, and such other and further relief as the Court deems just and proper.

**SECOND CROSSCLAIM – INDEMNIFICATION**
**(Congruity v. Trustwave)**

67. Congruity repeats and realleges the preceding paragraphs of these Crossclaims as though fully set forth herein.

68. As alleged in the Complaint, Trustwave separately contracted with CoWorx to monitor, detect, and report security threats affecting the very systems and data at issue, and assumed independent duties to CoWorx that were distinct from and did not depend upon Congruity's contractual obligations.

69. Any damages sustained by Ace were the direct and proximate result of Trustwave's own failure to perform its independent monitoring, detection, and notification obligations, including its alleged failure to timely detect the intrusion and its alleged miscategorization of the security alert as "Moderate" or "Medium" rather than "High" or "Critical."

70. Congruity's alleged conduct, which Congruity denies constitutes a breach, was passive at most in relation to the active and primary conduct of Trustwave in failing to properly monitor and report the security incident, such that equity and law require that Trustwave, and not Congruity, bear the full burden of any liability to Ace.

71. If Congruity is held liable to Ace for any damages arising from the allegations in the Complaint, such liability would be based on conduct that was, at most, secondary or passive in nature, while Trustwave's conduct was the active and primary cause of Ace's alleged damages, entitling Congruity to full indemnification from Trustwave for any judgment, settlement, defense costs, and attorneys' fees incurred in connection with the Complaint.

72. Congruity has no adequate remedy at law other than this Crossclaim for indemnification.

**WHEREFORE**, Crossclaim Plaintiff Congruity360, LLC respectfully requests that, in the event any judgment is entered against it in favor of Ace, this Court enter judgment against Crossclaim Defendant Trustwave Holdings, Inc. for full indemnification of any such judgment, together with Congruity's reasonable attorneys' fees, costs, and expenses incurred in defending this action, and for such other and further relief as the Court deems just and proper.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Kegan T. Sheehan*
Kegan T. Sheehan
Carmine J. Castellano
**HODGSON RUSS LLP**
605 Third Avenue, Suite 2300
New York, NY 10158
(212) 751-4300
ksheehan@hodgsonruss.com
ccastellano@hodgsonruss.com
*Attorneys for Defendant / Crossclaim Plaintiff Congruity360, LLC*